UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR CALDERON,

       Plaintiff,

v.
                 9:06-CV-0963
                 (GTS/DEP)

SANDRA A. WHEELER, Nurse; LORI MONTROY,
Nurse Administrator; DONNA PEPPIN, Nurse;
WENDY McINTOSH, Nurse; and
JACKIE COLEMAN, Officer,

       Defendants.
_____

APPEARANCES:            OF COUNSEL:

VICTOR CALDERON, 02-R-5806
 Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
309 Barehill Road
Malone, New York 12953

HON. ANDREW M. CUOMO        KRISTA A. ROCK, ESQ.
 Attorney General for the State of New York  Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

    Currently before the Court in this *pro se* prisoner civil rights action filed by Victor Calderon ("Plaintiff") are (1) motions for summary judgment filed by Defendants Sandra A. Wheeler, Lori Montroy, Donna Peppin, Wendy McIntosh and Jackie Coleman (Dkt. Nos. 116, 118), (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motions be granted (Dkt. No. 135), and (3) Plaintiff's

Objections to the Report-Recommendation. (Dkt. Nos. 137, 138, 139.) For the reasons set forth below, the Report-Recommendation is accepted and adopted, and Defendants' motions are granted, and Plaintiff's Amended Complaint is dismissed.

## I. BACKGROUND

On January 22, 2007, after being granted permission by the Court, Plaintiff filed an Amended Complaint in this action, asserting claims against the following five DOCS employees: Nurse Sandra A. Wheeler at Coxsackie Correctional Facility, Nurse Donna Peppin and Nurse Wendy McIntosh at Franklin Correctional Facility, Lori Montroy, a Nurse Administrator at Franklin Correctional Facility, and Jackie Coleman, a corrections officer at Franklin Correctional Facility. (Dkt. No. 16.)

Construed with the utmost liberality, Plaintiff's Amended Complaint alleges that Defendants were deliberately indifferent to his serious medical needs, including those arising from a buttock cyst and a condition causing him to experience low testosterone levels, in violation of the Eighth Amendment. (*Id.*) In addition, Plaintiff's Amended Complaint alleges in an attachment to his Amended Complaint that he was issued a false misbehavior report, subject to verbal harassment, and denied recreation by the Defendants assigned to work at Franklin Correctional Facility. (*Id.*)

On July 30, 2008, Defendant Wheeler filed a motion for summary judgment seeking dismissal of all claims, arguing that Plaintiff (1) has failed to establish a claim for medical indifference, and (2) has failed to exhaust administrative remedies. (Dkt. No. 116.) On July 31, 2008, Defendants Montroy, Peppin, McIntosh, and Coleman submitted their motion for summary judgment seeking dismissal of all claims against them, arguing that Plaintiff (1) has failed to establish a medical indifference claim, and (2) has failed to exhaust administrative remedies.

2

(Dkt. No. 118.)  Plaintiff did not submit a response to either motion.

On March 30, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that the action be dismissed in all respects.  (Dkt. No. 135.)  Familiarity with the grounds of Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order.

On April 13, 2009, Plaintiff filed the first of three Objections to the Report-Recommendation.  (Dkt. No. 137.)  Plaintiff's subsequent Objections were filed on April 20, 2009, and April 24, 2009.  (Dkt. Nos. 138, 139.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]  When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases],

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

*aff'd without opinion*, 175 F.3d 1007 (2d Cir.1999).[2]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B.  Standard Governing Motion for Summary Judgment

Magistrate Judge Peebles correctly recited the legal standard governing a motion for summary judgment, including the standard governing such motions that are not properly opposed by *pro se* litigants.  (Dkt. No. 135, at 13-15.)  As a result, that standard is incorporated by reference herein.

The Court would only add that, where a non-moving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute-even if that nonmoving party is proceeding *pro se*.[3]

---

[2]  *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

[3]  *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord, Lee v. Alfonso*, 04-CV-1921, 2004 WL 2309715 (2d Cir. Oct. 14, 2004), *aff'g*, No. 97-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N .Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

This is because the Court extends special solicitude to the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.[4]  (In this case, the Court finds that Plaintiff received such notice at least twice.  *See, e.g.*, Dkt. No. 116, Part 1; Dkt. No. 118, Part 1.)[5]  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[6]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by

---

[4] *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept.18, 2006) (McAvoy, J.) ("When dealing with a pro se party, certain procedural rules apply so as to insure that the pro se litigant is not disadvantaged by the lack of legal training. In this regard, the Local Rules require that [a pro se party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted].

[5] The Court notes that this notice was also provided to Plaintiff in (1) the Court's Local Rules of Practice, which were provided to the correctional facility in which Plaintiff was incarcerated, and (2) the District's Pro Se Manual, a courtesy copy of which was provided to Plaintiff on April 13, 2007.  (Dkt. No. 36.)  The Court notes also that, after receiving the notice in this case, Plaintiff seven times requested an order appointing counsel, and twice requested an order to compel discovery, indicating that he understood the meaning of the notice.  (Dkt. Nos. 121, 123, 126, 128, 129, 130, 132, 134.)  Finally, the Court notes that Magistrate Judge Peebles *sua sponte* granted Plaintiff an extension of the deadline by which he had to comply with the notice.  (Dkt. No. 124.)

[6] *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed ... we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a pro se [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a pro se litigant]."); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.

deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement[7]-even where the nonmoving party was proceeding *pro se* in a civil rights case.[8]

## III.   ANALYSIS

The Court begins by noting that the only objections offered by Plaintiff to Magistrate Judge Peebles' Report-Recommendation are simply (1) general objections to the Report-

---

1995) ("Although pro se litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . . This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a pro se litigant's pleadings must be construed liberally, . . . pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them .") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a pro se litigant] does not exempt [the pro se ] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[7]   Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L.R. 7.1(a)(3).

[8]   *See, e.g., Hassig v. N.Y.S. Dep't of Envtl. Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S.App. LEXIS 21432; *Harvey v. Morabito*, 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y.1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1 n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1 n.2 (N.D.N.Y. Aug.21, 1998) (Scullin, J.); see also *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in pro se civil rights case, district courts' discretion to adopt local rules like 7.1[a] [3] "to carry out the conduct of its business").

Recommendation, and/or (2) reiterations of the medical indifference claims as well as other conspiracy claims surrounding medical personnel asserted in his Amended Complaint, and/or (3) new claims arising from events occurring after the date of his Amended Complaint. (*See* Dkt. Nos. 137, 138, 139.) As a result, a clear-error standard of review is appropriate.

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation, and Plaintiff's Objections thereto, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous. Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. The Court would add only that the Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 135) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 116, 118) are **GRANTED** in their entirety, and that Plaintiff's Amended Complaint (Dkt. No. 16) is **DISMISSED** in all respects.

Dated: July 28, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge